UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE HANOVER INSURANCE COMPANY,
As Subrogee to 2488 GRAND CONCOURSE
REALTY,

                  Plaintiff,

      -against-

THE OHIO CASUALTY INSURANCE
COMPANY,

                  Defendant.
-----------------------------------------------------------------X

Docket No. 07-CV-11587

**ANSWER AND
COUNTERCLAIM**

Defendant, The Ohio Casualty Insurance Company ("Ohio Casualty"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, LLP, as and for its Answer to the Complaint, responds as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2.    Denies each and every allegation contained in paragraphs "2" and "3" of the Complaint, except admits that Ohio Casualty is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in Fairfield, Ohio, and is authorized to do business in the State of New York.

3.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4" and "5" of the Complaint.

## SUBSTANTIVE ALLEGATIONS

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint, except admits, upon information and belief, that The Hanover Insurance Company ("Hanover") issued a Commercial General Liability insurance policy to 2488 Grand Concourse Realty Corp. ("2488 Realty"), bearing Policy No. ZDY-6740524-01, for the policy period September 5, 2003 to September 5, 2004, and would respectfully refer to the original policy for its true and complete terms, conditions, provisions, limitations and exclusions, and would further respectfully refer all questions of law to this Court for ultimate determination.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "8", "9", "10", "11", "12" and "13" of the Complaint, except admits, upon information and belief, that on June 5, 2002, 2488 Realty and Starcel Waterproofing, Inc. ("Starcel"), entered into a contract, and would respectfully refer to the original contract for its true and complete terms and conditions, and would further respectfully refer all questions of law to this Court of ultimate determination.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint, expect admits, upon information and belief, that Illinois Union Insurance Company ("Illinois Union") issued a Commercial General Liability insurance policy to Starcel, bearing Policy No. GLN760831-1, for the policy period May 2, 2003 to May 2, 2004, and would respectfully refer to the original policy for its

true and complete terms, conditions, provisions, limitations and exclusions, and would further respectfully refer all questions of law to this Court for ultimate determination.

8. Denies each and every allegation contained in paragraph "15" of the Complaint, except admits that Ohio Casualty issued an Excess Liability insurance policy to Starrett Waterproofing Corp. ("Starrett"), bearing Policy No. EXO (04) 52 74 12 01, for the policy period May 2, 2003 to May 2, 2004, and would respectfully refer to the original policy for its true and complete terms, conditions, provisions, limitations and exclusions, and would further respectfully refer all questions of law to this Court for ultimate determination.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "16", "17", "18" and "19" of the Complaint.

10. Denies each and every allegation contained in paragraph "20" of the Complaint.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint, except admits, upon information and belief, that an action was commenced on or about December 4, 2003, entitled: "Rafael Ambrosio v. 2488 Grand Concourse Realty Corp. and Seamans Furniture Company, Inc." (Index No. 27567/03) in the Supreme Court of the State of New York, County of Bronx ("the Underlying Action"), and would respectfully refer to the original pleading for its true and complete allegations.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "22", "23" and "24" of the Complaint.

13. Denies each and every allegation contained in paragraphs "25", "26", "27", "28", "29", "30" and "31" of the Complaint, and would respectfully refer to the original correspondence for its true and complete contents and would further respectfully refer all questions of law to this Court for ultimate determination.

14. Denies each and every allegation contained in paragraphs "32" and "33" of the Complaint, except admits, upon information and belief, that the Underlying Action was settled.

15. Denies each and every allegation contained in paragraphs "34", "35" and "36".

16. Denies each and every allegation contained in paragraphs "37" and "38" of the Complaint, except admits that on or about November 14, 2007, an agreement was made by and between Hanover and Ohio Casualty to jointly respond to a settlement demand by Ambrosio in excess of the Illinois Union policy in an effort to settle the Underlying Action, pursuant to which each insurer reserved its respective rights to seek an adjudication of certain outstanding coverage issues and recoupment of the settlement funds advanced.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

17. With respect to the allegations in paragraph "39" of the Complaint, Ohio Casualty repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "38" of the Complaint as though fully set forth at length herein.

18. Denies each and every allegation contained in paragraphs "40", "41", "42", "43", "44", "45" and "46", and would respectfully refer to the original insurance policies for their true and complete terms, conditions, provisions, limitations and exclusions, and would further respectfully refer all questions of law to this Court for ultimate determination.

19.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47".

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

20.   With respect to the allegations in paragraph "48" of the Complaint, Ohio Casualty repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "47" of the Complaint as though fully set forth at length herein.

21.   Denies each and every allegation contained in paragraphs "49", "50", "51", "52" and "53", and would respectfully refer to the original insurance policies for their true and complete terms, conditions, provisions, limitations and exclusions, and would further respectfully refer all questions of law to this Court for ultimate determination.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22.   The Complaint herein fails to state a viable cause of action against Ohio Casualty which would permit this Court to grant relief.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23.   The Plaintiff lacks standing to bring this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24.   Pursuant to the terms and conditions of the Ohio Casualty policy, including, but n limited to, Condition I (Other Insurance), coverage provided under the Hanover policy is primary a

5

therefore, must exhaust prior to the implication of coverage under the Ohio Casualty policy. Condition I the Ohio Casualty policy provides:

> IV.  CONDITIONS
>
> * * *
>
> I.  Other Insurance
>
>    If other insurance applies to a "loss" that is also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.
>
> * * *

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25.  The Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26.  Ohio Casualty reserves the right to assert any additional applicable affirmative defenses including, but not limited to, the terms, conditions, provisions, limitations and exclusions of the Ohio Casualty policy and/or any other insurance policies applicable to this action.

### AS AND FOR DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF

27.  Ohio Casualty, by and through his attorneys, brings the following Counterclaim against Hanover and alleges, upon information and belief, as follows:

## PARTIES

28.     Ohio Casualty is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in Fairfield, Ohio, and is authorized to do business in the State of New York.

29.     Upon information and belief, and at all times relevant, Hanover was and still is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Massachusetts.

## JURISDICTION

30.     This action is brought pursuant to 28 U.S.C. §§1332, 2201 and 2202, on common law, and seeks declaratory relief.

31.     The amount in controversy in this action exceeds the sum or value of $75,000.

## INSURANCE COVERAGE

32.     Illinois Union issued a Commercial General Liability insurance policy to Starcel, bearing Policy No. GLN760831-1, for the policy period May 2, 2003 to May 2, 2004.

33.     Ohio Casualty issued an Excess Liability insurance policy to Starrett, bearing Policy No. EXO (04) 52 74 12 01, for the policy period May 2, 2003 to May 2, 2004.

34. Hanover issued a Commercial General Liability insurance policy to 2488 Realty, bearing Policy No. ZDY-6740524-01, for the policy period September 5, 2003 to September 5, 2004.

**THE TERMS AND CONDITIONS OF THE OHIO CASUALTY POLICY**

35. The Ohio Casualty policy provides, in pertinent part, as follows:

* * *

IV. CONDITIONS

* * *

I. Other Insurance

If other insurance applies to a "loss" that is also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

* * *

**FACTS**

36. On September 30, 2003, Rafael Ambrosio allegedly sustained bodily injuries after falling from an elevated height while working on a construction project located at 2488 Grand Concourse, in the Bronx, New York.

37. Prior thereto, on or about June 5, 2002, 2488 Realty, the owner of the Premises, contracted with Starcel to perform certain aspects of the construction. At the time of the alleged fall, Ambrosio was an employee of Starcel.

38.     On or about December 4, 2003, Ambrosio commenced the Underlying Action, seeking damages for the bodily injuries he allegedly sustained on September 30, 2003.

38.     On or about November 14, 2007, an agreement was made by and between Hanover and Ohio Casualty to jointly respond to a settlement demand by Ambrosio in excess of the Illinois Union policy in an effort to settle the Underlying Action, pursuant to which each insurer reserved its respective rights to seek an adjudication of certain outstanding coverage issues and recoupment of the settlement funds advanced.

39.     On or about November 14, 2007, the Underlying Action was settled for the sum of $1,450,000.

40.     Illinois Union contributed $1 million, its respective policy limits, to the settlement of the Underlying Action.

41.     Hanover Insurance contributed $250,000 to the settlement of the Underlying Action.

42.     Ohio Casualty contributed $200,000 to the settlement of the Underlying Action.

43.     Ohio Casualty's contribution was not made as a volunteer and was subject to its reservation of rights to later seek an adjudication of the outstanding coverage issues and recoupment of the settlement funds advanced.

## AS AND FOR A FIRST COUNTERCLAIM

44.     Ohio Casualty repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "43" as though fully set forth at length herein.

45.     Pursuant to the terms and conditions of the Ohio Casualty policy, including, but not limited to, Condition I (Other Insurance), coverage provided under the Hanover policy is primary and, therefore, must exhaust prior to the implication of coverage under the Ohio Casualty policy.

46.     As such, Ohio Casualty seeks a declaration that coverage under the Ohio Casualty policy is not implicated until exhaustion of the Hanover policy and, therefore, Ohio Casualty is entitled to reimbursement from Hanover for the amount it advanced in connection with the settlement of the Underlying Action.

47.     Ohio Casualty has no adequate remedy at law.

WHEREFORE, Ohio Casualty demands judgment as follows:

(a)     A declaration that coverage under the Ohio Casualty policy is not implicated until exhaustion of the Hanover policy and, therefore, Ohio Casualty is entitled to reimbursement from Hanover for the amount it advanced in connection with the settlement of the Underlying Action;

(b)     An award of the costs and disbursements of this action; and

(c)     Such other, further and different relief as the Court may deem just and proper.

DATED:  Garden City, New York
        February 27, 2008

_____
RICHARD P. BYRNE (RPB 2700)