UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE HANOVER INSURANCE COMPANY,
as Subrogee to 2488 GRAND CONCOURSE
REALTY,

                Plaintiff,

    - against -

THE OHIO CASUALTY INSURANCE
COMPANY,

                Defendant.

07-CV-11587 (AKH)

**ANSWER TO COUNTERCLAIM**

Plaintiff The Hanover Insurance Company, as subrogee to 2488 Grand Concourse Realty ("Hanover"), as and for its Answer to the Counterclaim of Defendant The Ohio Casualty Insurance Company ("Ohio Casualty"), alleges as follows:

1.    Paragraph 27 of the Counterclaim contains allegations for which no response is necessary.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Counterclaim.

3.    Denies the allegations contained in paragraph 29 of the Counterclaim, except admits that Hanover maintains its principal business offices in Worcester, Massachusetts.

4.    Paragraph 30 of the Counterclaim contains legal conclusions for which no response is necessary; to the extent any response is required, Hanover denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Counterclaim.

5.    Admits the allegations contained in paragraph 31 of the Counterclaim.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Counterclaim and respectfully refers the Court to the policy of insurance referenced in paragraph 32 of the Counterclaim for its terms.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Counterclaim and respectfully refers the Court to the policy of insurance referenced in paragraph 33 of the Counterclaim for its terms.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Counterclaim and respectfully refers the Court to the policy of insurance referenced in paragraph 34 of the Counterclaim for its terms.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Counterclaim and respectfully refers the Court to the policy of insurance referenced in paragraph 35 of the Counterclaim for its terms.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Counterclaim.

11.    Denies as phrased the allegations contained in paragraph 37 of the Counterclaim, except admits that in or around June 2002, 2488 Grand Concourse contracted with Starcel Waterproofing, Inc. ("Starcel") for restoration of certain portions of a facade located on a building owned by 2488 Grand Concourse and located at 2488 Grand Concourse, Bronx, New York and that in or around June 2002 Rafael Ambrosio was an employee of Starcel.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first paragraph 38 of the Counterclaim.

13.    Admits the allegations contained in the second paragraph 38 of the

Counterclaim.

14.    Admits the allegations contained in paragraph 39 of the Counterclaim.

15.    Admits the allegations contained in paragraph 40 of the Counterclaim.

16.    Admits the allegations contained in paragraph 41 of the Counterclaim.

17.    Admits the allegations contained in paragraph 42 of the Counterclaim.

18.    Paragraph 43 of the Counterclaim contains legal conclusions for which no response is necessary; to the extent any response is required, Hanover denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Counterclaim.

## ANSWERING THE FIRST COUNTERCLAIM

19.    In response to paragraph 44 of the Counterclaim, Hanover repeats and realleges its responses to paragraphs 27-43 of the Counterclaim as if fully set forth herein.

20.    Paragraph 45 of the Counterclaim contains legal conclusions for which no response is necessary; to the extent any response is required, Hanover denies the allegations contained in paragraph 45 of the Counterclaim and respectfully refers the Court to the policy of insurance referenced in paragraph 45 of the Counterclaim for its terms.

21.    Paragraph 46 of the Counterclaim contains legal conclusions for which no response is necessary; to the extent any response is required, Hanover denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Counterclaim and respectfully refers the Court to the policy of insurance referenced in paragraph 46 of the Counterclaim for its terms.

22.    Paragraph 47 of the Counterclaim contains legal conclusions for which no response is necessary; to the extent any response is required, Hanover denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Counterclaim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.    The claims of Ohio Casualty fail to state a cause of action against Hanover upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.    The Ohio Casualty primary and/or excess policies referenced in the Counterclaim were required to be exhausted prior to any of Hanover's insurance coverage being implicated in the Underlying Lawsuit referenced in the Counterclaim,

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.    Ohio Casualty failed to timely decline coverage to 2488 Grand Concourse for defense and indemnity against the claims asserted against 2488 Grand Concourse in the Underlying Lawsuit referenced in the Counterclaim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.    Ohio Casualty has breached its obligations under the Ohio Casualty primary and/or excess policies referenced in the Counterclaim by failing to indemnify 2488

Grand Concourse in the Underlying Lawsuit referenced in the Counterclaim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.    Hanover's Counterclaim is barred by the doctrine of laches, waiver and

estoppel.


WHEREFORE, Hanover demands judgment: (1) dismissing the Counterclaim

against it with prejudice, together with reasonable attorneys' fees and costs; and (2) granting such

other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 18, 2008

                              PUTNEY TWOMBLY HALL & HIRSON LLP


                              By _____
                                    Thomas A. Martin (TM 4761)

                              Thomas A. Martin
                              James M. Strauss
                              521 Fifth Avenue
                              New York, New York 10175
                              Telephone:212-682-0020
                              Telefax: 212-682-9380

                              *Attorneys for Plaintiff The Hanover Insurance Company, as
                              subrogee to 2488 Grand Concourse Realty*


TO:    Richard P. Byrne, Esq.
       L'Abbate, Balkan, Colavita & Contini, L.L.P.
       1001 Franklin Avenue
       Garden City, New York 11530
       *Attorneys for Defendant*

5

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK       )
                          : ss.

COUNTY OF NEW YORK    )

James M. Strauss, being duly sworn, deposes and says:

1. I am not a party to the action, am over 18 years of age and reside at New York, New York.

2. On March 18, 2008, I served the within ANSWER TO COUNTERCLAIM upon:

Richard P. Byrne, Esq.
L'Abbate, Balkan, Colavita & Contini, L.L.P.
1001 Franklin Avenue, 3rd Floor
Garden City, New York 11530

*Counsel for Defendant*

in this action by depositing a true copy thereof enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

_____
James M. Strauss

Sworn to before me this 18
day of March, 2008

_____
Notary Public

KATHERINE V. MARTIN
Notary Public, State of New York
No. 01MA6163736
Qualified in New York County
Commission Expires April 02, 2011